■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARLIN, JR., Appellant.—Levine, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered July 25, 1986, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant's conviction stems from an incident involving his four-year-old stepson. Sexual abuse was first suspected when the boy was physically examined at a local emergency room after he had complained to his mother of discomfort in his rectal area. When defendant learned that a criminal investi-

gation was underway, he voluntarily committed himself to St. Lawrence Psychiatric Center (hereinafter the Center), apparently believing that this would enable him to avoid criminal charges. A few days later, after he had been informed by the staff that his admission to the Center would not preclude criminal proceedings, defendant asked to be discharged. Police Detective Dominic Germano was present at the Center when defendant was released and asked defendant to accompany him to the police station to discuss the alleged incident of sexual abuse. Defendant agreed and while en route to the police station, Germano recited to defendant his *Miranda* rights from memory. Defendant subsequently gave the police a written confession in which he admitted to sexual involvement with the boy on two separate occasions.

After he was indicted on the charge of sodomy in the first degree, defendant moved to suppress his confession on the ground that it had not been given voluntarily. Following a suppression hearing, County Court upheld the confession. Thereafter defendant entered a guilty plea to the charge in the indictment. At sentencing, defendant, an 18 year old with no prior criminal convictions, was denied youthful offender status and sentenced to an indeterminate term of 2⅓ to 7 years' imprisonment. This appeal ensued.

On appeal, defendant contends that County Court erred in refusing to suppress his confession. In support of this contention, it is argued that defendant was not mentally competent at the time of his release from the Center and, in addition, that Germano did not properly advise defendant of his *Miranda* rights.

Defendant's mental competency to waive his *Miranda* rights and give a confession was a factual question for County Court (*see, People v Krom,* 91 AD2d 39, 43, *affd* 61 NY2d 187). At the suppression hearing Germano testified that, upon defendant's release from the Center, he ascertained from both a member of the staff and from defendant that he was not taking any medication. In addition, there was psychiatric evidence that defendant was not psychotic, but rather was suffering from alcohol and drug abuse and an antisocial personality disorder. Based on the foregoing, there was ample evidence to permit County Court to conclude that defendant was mentally competent at the time of his confession.

Regarding defendant's contention that he had not been given a complete recitation of his *Miranda* rights by Germano, this too was a factual issue to be resolved by County Court.

The record demonstrates that County Court was well aware that Germano's suppression hearing testimony, in which he stated that he had advised defendant of all of his *Miranda* rights, varied from his prior testimony at the preliminary hearing in which he failed to assert that he had advised defendant that anything he said could be used against him in court. County Court noted in its decision that it found Germano's testimony at the suppression hearing credible in spite of this inconsistency. We cannot say that the court's resolution of this credibility issue was clearly erroneous. Accordingly, we find no grounds for disturbing the suppression ruling.

We also reject defendant's contention that he should have been given youthful offender status. County Court observed that this violent act committed upon a young child also involved a serious breach of trust since defendant was the victim's stepfather. In sum, we find no fault with County Court's exercise of discretion in denying youthful offender status to defendant. We are also unpersuaded that defendant's sentence of 2⅓ to 7 years' imprisonment is harsh and excessive under these circumstances.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.